UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KAMALA SHARDUL STROHMEYER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   3:17-cv-443 Judge Phillips |
| CHASE BANK USA, N.A., EQUIFAX, INC. a.k.a. EQUIFAX INFORMATION SERVICES, LLC, and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Kamala Shardul Strohmeyer has asserted federal and state law claims against defendant Chase Bank USA, N.A. ("Chase") and defendant Equifax, Inc. related to disputed information on her credit report. Defendant Chase has now filed a motion to dismiss [Doc. 5] all of the claims against it. The Court has carefully considered the pending motion and related pleadings [Docs. 6, 8, 9].

**I.     Relevant Facts**[1]

Plaintiff contends that Chase, as a "furnisher of information" under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq.*, reported "derogatory remarks" to credit

---

[1]For the purposes of a motion to dismiss, the Court takes the factual allegations in the complaint [Doc. 1] as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint"). Plaintiff has filed a form Complaint and Request for Injunction [Doc. 1 at pp. 1—7] and a Verified Complaint [*Id*. at pp. 8—22]. Unless otherwise indicated, the Court's references to the complaint will be to the Verified Complaint.

reporting agencies Equifax and its subsidiary, Equifax Information Services, LLC [Doc. 1 at p. 8]. Plaintiff claims she sent Chase a "Notice of Dispute, demanding validation of an alleged account" on July 23, 2016, August 17, 2016, and June 16, 2017 [Doc. 1 at ¶¶ 9—11]. Plaintiff further claims that Chase "reported inaccurate derogatory information" about her to consumer reporting agencies, failed to report her disputes, and continues to report inaccurate information [*Id.* at ¶¶ 14—15]. Plaintiff also alleges that Chase has not responded to her letters of dispute by providing evidence of the alleged debt to her or to the consumer reporting agencies [*Id.* at ¶ 20]. Finally, plaintiff claims that Chase has not provided notice of this dispute to the credit bureaus [*Id.* at ¶ 21].

## II.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint

in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

**III.    Timeliness**

As noted by Chase in its reply brief [Doc. 9 at pp. 1—2], plaintiff's response to the motion to dismiss was not timely filed. Pursuant to E.D. Tenn. L.R. 7.1(a), plaintiff had 21 days to respond to the motion plus an additional three days for mailing pursuant to Fed. R. Civ. P. 6(d). Chase filed the instant motion on November 9, 2017 [Doc. 5], and plaintiff did not respond until December 12, 2017 [Doc. 8], 33 days later. Chase argues that plaintiff's untimely response "should be disregarded" [Doc. 9 at p. 2].

It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do. *See Branham v. Micro Computer Analysts*, 350 F. App'x 35, 38 (6th Cir. 2009) ("federal courts 'have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel'") (quoting *McNeil v. United States*, 508 U.S. 106, 113

3

(1993)); *Looper v. Educ. Credit Mgmt. Corp.*, No. 3:07-cv-306, 2008 WL 2965887, at *3 (E.D. Tenn. July 30, 2008) ("appellant's pro se status does not exempt him from complying with the rules of procedure"). Indeed, our Local Rules specify that pro se parties "shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules." E.D. Tenn. L.R. 83.13.

Although plaintiff's response was not timely filed, the Court finds this case distinguishable from others where a pro se party repeatedly engaged in dilatory tactics or repeatedly failed to comply with court orders. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (pro se plaintiff's case was dismissed for repeatedly failing to comply with court deadlines). Nor does the Court find that plaintiff's untimely response is evidence of "negligence or complete indifference" to her case. *Cf. Looper*, 2008 WL 2965887 at *3 (failure to file bankruptcy appeal nearly eight months late demonstrates negligence and indifference to his appeal). Chase has not pointed to any prejudice that it will suffer if the Court considers the plaintiff's response to the pending motion. Therefore, for these reasons and in the interests of justice, the Court will not disregard plaintiff's response.

**IV.     Whether Plaintiff Can State an FCRA Claim Against Chase**

"The FCRA was enacted to regulate credit reports, provide guidelines for credit reporting agencies and entities that furnish consumer information to credit reporting agencies, and provide protection to consumers." *Lufkin v. Capital One Bank (USA), N.A.*, No. 3:10-CV-18, 2010 WL 2813437, at *2 (E.D. Tenn. July 16, 2010). The FCRA imposes obligations on three entities: (1) credit reporting agencies; (2) users of consumer reports;

4

and (3) furnishers of information to consumer reporting agencies. *Id.* As a "furnisher of information" under the FCRA, Chase is obligated to provide accurate information and to investigate upon receiving notice of a dispute from a credit reporting agency. *Id.*; 15 U.S.C. §§ 1681s-2(a)-(b).

### A. Section 1681s-2(a)

Chase first argues that plaintiff cannot state a claim under § 1681s-2(a) of the FCRA because there is no private right of action under that subsection [Doc. 6 at p. 11], a point that plaintiff seems to concede [*see* Doc. 8 at p. 7]. Subsection (a) of § 1681s-2 imposes a duty upon furnishers of information "to provide accurate information" about consumers. 15 U.S.C. § 1681s-2(a). If a furnisher of information receives notice that its information is inaccurate, it then has a duty to correct and update the information and provide notice of the dispute. 15 U.S.C. § 1681s-2(a)(2)-(3). There is no private right of action under subsection (a) of § 1681s-2 because "the duties imposed by subsection (a) can only be enforced by government agencies and officials." *Roberts v. U.S. Bank N.A.*, No. 4:14-CV-41, 2015 WL 11108910, at *7 (E.D. Tenn. Feb. 3, 2015); *Westbrooks v. Fifth Third Bank*, No. 3:05-0664, 2005 WL 3240614, at *3, n.2 (M.D. Tenn. Nov. 30, 2005). Although there is no reference in the complaint to § 1681s-2(a), the Court agrees that plaintiff cannot state a claim for relief under that provision.

### B. Section 1681e(b)

Similarly, Chase argues that plaintiff cannot state a claim against it for relief under § 1681e(b), because that provision only applies to consumer reporting agencies, such as Equifax, and not to furnishers of information such as Chase [Doc. 6 at p. 13, n.8]. Plaintiff

has not responded to this argument. As Chase notes, the complaint alleges that both Chase and Equifax violated § 1681e(b) by failing "to maintain and to follow reasonable procedures to assure maximum possible accuracy" of her credit reports [Doc. 1 at ¶ 34]. Section 1681e(b) provides "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Chase is not alleged to be a consumer reporting agency and therefore cannot be liable under § 1681e(b).

C. Section 1681s-2(b)

Chase next argues that plaintiff cannot state a claim under § 1681s-2(b) because plaintiff attempts to impose duties on Chase that are not required by the FCRA [Doc. 6 at pp. 13—14]. Subsection (b) of § 1681s-2 imposes mandatory duties upon furnishers of credit information after they have received notice of a dispute from a consumer reporting agency as to the completeness or accuracy of a consumer's credit information. Specifically, within 30 days of receiving a notice of a dispute from a credit reporting agency, the furnisher must:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on

> the results of the reinvestigation promptly—
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). Consumers have a private right of action to enforce violations of § 1681s-2(b). *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615—16 (6th Cir. 2012); *Roberts*, 2015 WL 11108910, at *7–8.

Plaintiff alleges the following FCRA violations by Chase: (1) Chase has not responded to her letters of dispute by providing "evidence of the alleged debt" to her or to consumer reporting agencies [Doc. 1 at ¶ 20]; (2) Chase has not provided notice of this disputed matter to the credit bureaus [*Id.* at ¶ 21]; (3) Chase reported "inaccurate derogatory information" to one or more consumer reporting agencies "stating that the debt was valid" [*Id.* at ¶ 27]; (4) Chase failed to conduct an investigation and notify her of the results within 30 days [*Id.* at ¶ 29]; and (5) Chase has not notified plaintiff of a determination that her dispute was frivolous within five (5) days and has continued to report inaccurate information to consumer reporting agencies after receiving her notices [*Id.* at ¶ 30].

Chase argues that § 1681s-2(b) does not require a furnisher of information to respond to dispute notices directly from the consumer or to report the results of any investigation directly to the consumer [Doc. 6 at p. 13]. Plaintiff's response primarily seems to be that consumers have a private right of action under § 1681s-2(b) [Doc. 8 at pp. 6—10], a point that Chase does not dispute. Chase is correct. The duties of a furnisher of information under § 1681s-2(b) are triggered only after it receives notice of a dispute from a consumer reporting agency, such as Equifax, pursuant to § 1681i(a)(2) and not from a

direct notice from the consumer. *See Merritt v. Experian*, 560 F. App'x 525, 529 (6th Cir. 2014); *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012), *cert. denied*, 571 U.S. 1104 (2013). Although plaintiff has alleged that she notified both Chase and Equifax of her dispute, the complaint contains no allegation that Equifax notified Chase of the dispute. Thus, Chase had no duty to conduct an investigation based solely on receipt of plaintiff's notices of dispute. *See Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853—54 (6th Cir. 2004) (under § 1681s-2(b) "the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed"); *Birdsall v. Peoples Bank of the South*, No. 3:12-CV-480-TAV-CCS, 2014 WL 640704, at *3 (E.D. Tenn. Feb. 19, 2014) ("[t]he explicit language of § 1681i(a)(2) requires an individual … to give notice to a credit reporting agency, not directly to the bank"). As a result, plaintiff has not stated a claim for relief against Chase under § 1681s-2(b).

Moreover, as Chase also argues, plaintiff's allegations are contradicted by the evidence which she has supplied in support of her complaint [Doc. 6 at pp. 14—15]. Specifically, plaintiff has attached Equifax's July 10, 2017 response to her dispute which states that Equifax verified the debt as belonging to plaintiff and that additional information was provided to Equifax by Chase [Doc. 1-1 at pp. 24—27]. As shown by her own evidence, Equifax did notify Chase of the disputed debt and Chase provided information confirming the debt to Equifax. Thus, it is apparent that Chase fulfilled its obligations under § 1681s-2(b) and plaintiff cannot state a claim for relief against Chase under this provision.

Finally, Chase argues that its obligation to investigate disputed information only arises in response to a consumer's "bona fide dispute" which plaintiff has not alleged [Doc. 6 at pp. 15—17]. A "bona fide dispute" is "a dispute that could materially alter how the reported debt is understood." *Boggio*, 696 F.3d at 618 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009), *cert. denied*, 562 U.S. 828 (2010)). Further, Chase contends that failing to report a meritless dispute does not violate § 1681s-2(b) because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. [Doc. 6 at p. 15 (citing *Gorman*, 584 F.3d at 1163)]. Chase contends that the plaintiff must allege a factual inaccuracy with her credit report, rather than merely allege disputed legal questions [*Id*. at pp. 15—16].

In the complaint, plaintiff alleges only that she sent Chase notices of dispute "demanding validation of an alleged account" [Doc. 1 at ¶¶ 9—11] and that Chase "reported inaccurate derogatory information" about her to consumer reporting agencies [*Id.* at ¶ 14]. The complaint contains no factual allegations about the account other than it is "disputed" and "inaccurate." The exhibits to plaintiff's complaint reveal that the disputed debt is a Chase credit card account [Doc. 1-1 at p. 1]. Plaintiff's notices to Chase allege that "Chase used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account" and that "Chase received 'something-for-nothing' by using the consumer's note(s) to fund charges to the credit card account while retaining payments from consumer" [*Id.*].

As noted by Chase, this allegation is a debt-avoidance scheme referred to as a "vapor money" theory or "no money lent" theory. It has been explained as follows:

9

> Debtors employing this debt-avoidance scheme contend that when they sign notes, they fund the loan with their own signatures, creating new money for their own account so that when money is advanced, it is the debtor's own money that is used.

*Adams v. Bank of Am., N.A.*, No. 106CV00228, 2007 WL 2746871, at *2 (M.D.N.C. Sept. 19, 2007). "Claims based on this and similar debt elimination schemes have been universally rejected by courts." *Id.* at *3; *see Demmler v. Bank One NA*, No. 2:05-CV-322, 2006 WL 640499, at *4 (S.D. Ohio Mar. 9, 2006) (collecting cases). Plaintiff has not responded to this argument other than to assert that she "is not required to show what she disputes" [Doc. 8 at p. 2].

In fact, plaintiff is required to allege a plausible claim for relief and she has not done so. *Iqbal*, 556 U.S. at 679 ("only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Twombly*, 550 U.S. at 570 (plaintiff must allege sufficient facts to push the claim "across the line from conceivable to plausible"). Her conclusory allegations of a "disputed" debt are insufficient to withstand a motion to dismiss. Further, the substance of plaintiff's claim, as shown by her own evidence, is simply an unmeritorious attempt to avoid her credit card debt that does not trigger any obligation by Chase to investigate under § 1681s-2(b).

Accordingly, for all of these reasons, plaintiff has failed to state a claim for relief against Chase under the FCRA.

### V.    Whether the FCRA Preempts Plaintiff's State Law Claims

Chase argues that all of plaintiff's state law claims against it are preempted by the

FCRA [Doc. 6 at pp. 5—10]. The FCRA contains two preemption provisions, each of which limit a plaintiff's ability to assert state law claims based on the defendant's furnishing of information to a credit reporting agency. *Lufkin*, 2010 WL 2813437, at *2. The first, contained in § 1861h(e), provides:

> Except as provided in sections 1681n and 1691o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed to pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). The second preemption provision, found at § 1681t, provides that "[n]o requirement or prohibition may imposed under the laws of any State—(1) with respect to any subject matter regulated under—(F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies…." 15 U.S.C. § 1681t(b)(1)(F).

When interpreting these two provisions, courts have generally taken the position that "all state claims that do not allege willfulness are preempted by 1681h(e), and any surviving claims alleging willfulness are preempted under 1681t(b)(1)(F) if they involve a subject matter regulated under 1681s-2." *Roberts*, 2015 WL 11108910, at *8 (quoting *Lloyd v. Midland Funding, LLC*, 2014 WL 3507363, at *11 (E.D. Tenn. July 14, 2014)); *Westbrooks*, 2005 WL 3240614, at *3. "This approach reads the provisions consistently with one another, so that neither provision is deemed insignificant or superfluous."

11

*Roberts*, 2015 WL 11108910, at *8.  Because there is no controlling Sixth Circuit authority on this point, the Court concurs in this approach.

Plaintiff alleges state law claims of: (1) invasion of privacy [Doc. 1 at ¶¶ 39—47]; (2) "negligent, wanton, and/or intensional [sic] hiring and supervision of incompetent employees or agents" [*Id.* at ¶¶ 49—51]; and (3) unspecified "state law claims" [*Id.* at ¶¶ 53—60].  Chase argues that the claim of negligent hiring and supervision is preempted by § 1681h(e) because there is no allegation of malice or willfulness in connection with this claim [Doc. 6 at pp. 8—9].  Alternatively, Chase argues that the claim is preempted by § 1681t(b)(1)(F) [*Id.* at p. 9].  Chase also argues that plaintiff's remaining state law claims, the unspecified "state law claims" and invasion of privacy, are preempted by § 1681t(b)(1)(F) [*Id.* at pp. 9—10].

Plaintiff's response to the preemption arguments appears to be that the Court has supplemental jurisdiction over her state law claims and therefore they are not preempted [Doc. 8 at pp. 4—6].  However, as Chase points out in reply [Doc. 9 at p. 3], supplemental jurisdiction does not save state law claims that are preempted by federal law.  Under 28 U.S.C. § 1367(a), federal courts have supplemental jurisdiction, or authority to hear a case, over state law claims that are so related to federal question claims brought in the same action as to "form part of the same case or controversy under Article III of the United States Constitution."  The state law claims must first survive preemption.  *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 392 (2d Cir. 2007) ("[t]he district court may … properly exercise supplemental jurisdiction over any state law claim surviving preemption").

The Court agrees that plaintiff's claim of negligent hiring and supervision is

preempted by § 1681h(e) because she does not allege malice or willfulness as to those claims. Moreover, all of plaintiff's state law claims, including the invasion of privacy claim and unspecified "state law claims," are preempted by § 1681t(b)(1)(F) because these claims are based entirely on conduct that is regulated under § 1681s-2, that is, Chase's alleged improper reporting of her credit information and alleged failure to investigate her dispute. *See Lufkin*, 2010 WL 2813437, at *4 ("[b]ecause plaintiff's allegations relate directly to the duties and responsibilities of furnishers of information to a consumer reporting agency, plaintiff's state law claims are preempted under §§ 1681t(b)(1)(F) and 1681h(e)"). Thus, plaintiff has not stated a plausible state law claim for relief against Chase.

## VI. Conclusion

For the reasons set forth above, the Court finds that plaintiff's complaint fails to state a claim for relief against defendant Chase Bank US, N.A. and the defendant's motion to dismiss [Doc. 5] will be **GRANTED**.

An appropriate order will be entered.

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE