IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| KAMALA SHARDUL STROHMEYER, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:17-cv-00443-TWP-HBG |
| ) | |
| v. ) | |
| ) | |
| CHASE BANK USA, N.A., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

# DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
# REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

*/s/Brian L. Yoakum*
Brian L. Yoakum     #24811
Evans & Petree, PC
1715 Aaron Brenner Drive
Suite 800
Memphis, TN 38120
901-525-6781
Fax: 901-297-4208
Email: byoakum@evanspetree.com

i

# TABLE OF CONTENTS

Table of Contents .................................................................................................................. ii

STATEMENT OF MATERIAL FACTS ............................................................................ 1

ARGUMENT ...................................................................................................................... 2

    I.    MS. STROHMEYER'S § 1681e(b) AND § 1681i(a) CLAIMS FAIL BECAUSE MS. STROHMEYER HAS ADDUCED NO EVIDENCE THAT THE INFORMATION IN HER EQUIFAX CONSUMER REPORT OR CREDIT FILE WAS INACCURATE. .................................................................. 2

    II.    MS. STROHMEYER'S § 1681e(b) CLAIM FAILS BECAUSE SHE HAS ADDUCED NO EVIDENCE THAT EQUIFAX FAILED TO FOLLOW REASONABLE PROCEDURES IN PREPARING HER CONSUMER REPORT. ................................................................................................................ 3

    III.    MS. STROHMEYER'S § 1681e(b) CLAIM FAILS BECAUSE SHE HAS ADDUCED NO EVIDENCE THAT EQUIFAX ISSUED A CONSUMER REPORT CONTAINING INACCURATE INFORMATION ABOUT HER. ..................................................................................................................... 3

    IV.    MS. STROHMEYER'S § 1681e(b) CLAIM FAILS BECAUSE SHE HAS ADDUCED NO EVIDENCE THAT AN EQUIFAX CONSUMER REPORT CAUSED HER HARM. ............................................................... 4

    V.    MS. STROHMEYER § 1681i(a) CLAIM FAILS. .................................................. 4

        A.    Ms. Strohmeyer's "Disputes" Were an Impermissible Collateral Attack on the Chase Account. ................................................................. 4

        B.    Equifax Reasonably Reinvestigated Her Dispute Of The Chase Account ........................................................................................ 5

    VI.    MS. STROHMEYER'S CLAIM THAT EQUIFAX WILLFULLY VIOLATED THE FCRA FAILS BECAUSE SHE HAS ADDUCED NO EVIDENCE OF SUCH. ......................................................................................... 5

    VII.    MS. STROHMEYER'S CLAIMS FOR INJUNCTIVE RELIEF FAILS. ............ 6

    VIII.    MS. STROHMEYER'S STATE LAW CLAIMS FAIL BECAUSE THEY ARE PREEMPTED BY THE FCRA. .................................................................. 6

CONCLUSION .................................................................................................................. 6

CERTIFICATE OF SERVICE ........................................................................................... 7

Defendant, Equifax Information Services LLC ("Equifax"), incorrectly identified in Ms. Strohmeyer's Complaint as "Equifax Inc. a/k/a Equifax Information Services LLC," by Counsel, files its reply brief in further support of its Motion for Summary Judgment ["Motion," Doc. 18] and in reply to Plaintiff's Opposition to Defendant Equifax Information Services LLC's Motion for Summary ·Judgment ["Opposition," Doc. 19]. For the reasons set forth below and in its opening memorandum, Equifax's Motion should be granted.

## STATEMENT OF MATERIAL FACTS

As forecasted in Equifax's Motion, Ms. Strohmeyer failed to offer evidence to support her claims. [Doc. 18-1 at 1-2]. Ms. Strohmeyer's Opposition is essentially devoid of facts: it has zero attachments and only one citation to the record. [Doc. 19 at 1]. Accordingly, Ms. Strohmeyer has failed to create a genuine dispute as to any material fact. Because Equifax is entitled to judgment as a matter of law, the Court should grant Equifax's Motion.

With respect to the first four sections of Equifax's Statement of Material Facts, namely that (1) Equifax is a consumer reporting agency; (2) Equifax has reasonable procedures for assuming maximum possible accuracy; (3) Equifax has reasonable procedures for reinvestigating consumer disputes; and (4) Equifax has determined that Chase Bank USA, N.A. is a reliable source of information, Ms. Strohmeyer has provided no evidence to the contrary, but merely disagrees with Equifax's position. [Doc. 19 at 2-3]. Her Opposition does not adduce any evidence to create a genuine dispute as to any material fact concerning these issues.

Likewise, Ms. Strohmeyer's Opposition adduces no evidence to create a genuine dispute that Equifax conducted reasonable reinvestigations to determine whether disputed information concerning the Chase credit card account ending in 4733 ("Account") with Ms. Strohmeyer was inaccurate. [Doc. 19 at 3-4].

Some of the statements in her Opposition suggest that Ms. Strohmeyer seeks to recover for an alleged violation of § 1681i(b) of the FCRA concerning the failure of a consumer reporting agency to file a statement of dispute in the consumer's credit file:

> Equifax was on notice of the dispute, and that their alleged reinvestigation was flawed and inaccurate. Therefore, it is willful for Equifax to refuse to report Plaintiffs dispute, after Plaintiff made many requests.

[Doc. 19 at 4]. Like her other assertions in the Opposition, Ms. Strohmeyer fails to adduce any evidence to support this assertion. Ms. Strohmeyer offers no evidence that she ever submitted or attempted to file a brief statement setting forth the nature of her dispute. Moreover, Ms. Strohmeyer's Complaint makes no reference to § 1681i(b), that she ever submitted or attempted to file a brief statement into her Equifax credit file, or any alleged failure by Equifax to include a brief statement submitted by Ms. Strohmeyer setting forth the nature of her dispute. [Doc. 1]. Accordingly, Equifax's Motion should be granted.

## ARGUMENT

I. **MS. STROHMEYER'S § 1681e(b) AND § 1681i(a) CLAIMS FAIL BECAUSE MS. STROHMEYER HAS ADDUCED NO EVIDENCE THAT THE INFORMATION IN HER EQUIFAX CONSUMER REPORT OR CREDIT FILE WAS INACCURATE.**

In her Opposition, Ms. Strohmeyer argues without citation or support that the FCRA is a strict liability statute. [Doc. 19 at 5]. She is wrong; the FCRA does not impose strict liability. *See* 15 U.S.C. §§ 1681n (requiring "willful noncompliance") and 1681o (requiring "negligent noncompliance"); *see also Spence v. TRW. Inc.*, 92 F.3d 380, 382-83 (6th Cir.1996); *Breed v. Nationwide Ins. Co.*, No. CIV A 305CV-547-H, 2007 WL 1408212, at *1 (W.D. Ky. May 8, 2007).

As stated in Equifax's Motion, Ms. Strohmeyer must show an inaccuracy to recover under §§ 1681e(b) and 1681i. [Doc. 18-1 at 11-12]. Although Ms. Strohmeyer's sole citation to the record concerns an alleged inaccuracy in her Equifax credit file, [Doc. 19 at 1 ("Plaintiff has

established evidence that her credit file is inaccurate. [See Exh F to Complaint]"), the record does not support her allegation of inaccuracy [Doc. 1-1 at 24-27]. Accordingly, Equifax's Motion concerning her §§ 1681e(b) and 1681i claims should be granted.

II. **MS. STROHMEYER'S § 1681e(b) CLAIM FAILS BECAUSE SHE HAS ADDUCED NO EVIDENCE THAT EQUIFAX FAILED TO FOLLOW REASONABLE PROCEDURES IN PREPARING HER CONSUMER REPORT.**

In her Opposition argument concerning § 1681e(b), Ms. Strohmeyer cites inapposite cases concerning reinvestigation responsibilities under § 1681i(a). [Doc. 19 at 5-6]. She fails to discuss, let alone dispute, Equifax's argument negating her § 1681e(b) claim. Moreover, Ms. Strohmeyer fails to explain how the cases she cites apply to her § 1681i(a) claim. [*Id.*]. They don't. Ms. Strohmeyer concludes her discussion of claim by stating, "Equifax could have simply reported the dispute." [*Id.* at 6] Again, Ms. Strohmeyer's attempt to pursue a § 1681i(b) claim fails because she has neither alleged nor offered any evidence to support a claim under § 1681i(b) of the FCRA. Accordingly, Equifax's Motion concerning her § 1681e(b) claim should be granted.

III. **MS. STROHMEYER'S § 1681e(b) CLAIM FAILS BECAUSE SHE HAS ADDUCED NO EVIDENCE THAT EQUIFAX ISSUED A CONSUMER REPORT CONTAINING INACCURATE INFORMATION ABOUT HER.**

Relying on a Ninth Circuit case, Ms. Strohmeyer argues in her Opposition that she does not need to offer evidence of a "denial of credit" to pursue her § 1681e(b) claim. [Doc. 19 at 6]. Her argument misses the mark. Although a credit denial is necessary to recover credit denial financial damages, and some circuits (including the Ninth Circuit) have stated that financial damages are not necessary for a § 1681e(b) claim, Ms. Strohmeyer cannot maintain a § 1681e(b) claim unless she offers evidence that Equifax actually issued a consumer report about her. *See Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 546 (6th Cir. 2012). Accordingly, Equifax's Motion concerning her § 1681e(b) claim should be granted.

### IV. MS. STROHMEYER'S § 1681e(b) CLAIM FAILS BECAUSE SHE HAS ADDUCED NO EVIDENCE THAT AN EQUIFAX CONSUMER REPORT CAUSED HER HARM.

Ms. Strohmeyer offers no evidence, and does not even argue, that she suffered any actual damages as the result of Equifax providing a consumer report about her. [Doc. 19 at 6-8]. Accordingly, Equifax's Motion concerning her § 1681e(b) claim for actual damages should be granted.

### V. MS. STROHMEYER § 1681i(a) CLAIM FAILS.

#### A. Ms. Strohmeyer's "Disputes" Were an Impermissible Collateral Attack on the Chase Account.

In her Opposition, Ms. Strohmeyer fails to explain why this action is not a collateral attack on her debt obligations to Chase under the terms of the Account. [Doc. 19 at 8]. Instead, she merely argues that Equifax has no right to make any claim on behalf of Chase, and that she did not claim that Equifax was required to resolve the legal validity of her Chase debt. [*Id.*]. Such arguments miss the point entirely. Equifax is not making a claim on behalf of Chase, and the collateral attack doctrine does not require the consumer to request resolution of legal disputes. Rather, the collateral attack doctrine prevents consumer reporting agencies from being forced to resolve legal issues between consumers, such as Ms. Strohmeyer, and furnishers of information, such as Chase. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) ("We agree that reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts."); *White v. Experian Consumer Fraud Assistance*, No. 1:16-CV-49, 2016 WL 8919459, at *4 (N.D.W. Va. Aug. 15, 2016), *aff'd*, 671 F. App'x 878 (4th Cir. 2016); *Jianqing Wu*, 2006 WL 4729755, at *6; *Alston v. Branch Banking & Tr. Co.*, No. GJH-15-3100, 2018 WL 4538538, at *2 (D. Md. Sept. 20, 2018) (claims dismissed because CRA had no obligation to resolve impermissible collateral attack on the legal validity of debts); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (holding a reasonable reinvestigation does not entail resolving

"legal issue[s] that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA")).

### B. Equifax Reasonably Reinvestigated Her Dispute Of The Chase Account

Ms. Strohmeyer argues in her Opposition that Equifax did not conduct a reinvestigation because her credit file was not modified. [Doc. 19 at 8]. She offers no argument or evidence that Equifax failed to conduct reasonable reinvestigations of her disputes. [*Id.*]. The record reflects that Equifax maintains detailed policies and procedures designed to assure that it conducts reasonable reinvestigations of information disputed by consumers as inaccurate, [Doc. 18-2 at ¶¶ 19-32], that Equifax dutifully and timely conducted reinvestigations when Ms. Strohmeyer made disputes concerning information reporting on her credit file, [*id.* at ¶¶ 35-66], and that Equifax timely sent and received ACDVs to and from Chase that confirmed the disputed information, [*id.*]. Accordingly, Ms. Strohmeyer's claim under § 1681i(a) fails as a matter of law.

## VI. MS. STROHMEYER'S CLAIM THAT EQUIFAX WILLFULLY VIOLATED THE FCRA FAILS BECAUSE SHE HAS ADDUCED NO EVIDENCE OF SUCH.

Ms. Strohmeyer's argument concerning Equifax's alleged willful violation of the FCRA conduct consists of a single sentence:

> Equifax's willfulness stems from the fact that it failed to conduct a reasonable reinvestigation and report that result on the credit file after Plaintiff made repeated requests and disputes.

[Doc. 19 at 8]. Ms. Strohmeyer offers no evidence that Equifax intentionally and recklessly violated the law to sustain a willfulness claim. *See Safeco Insurance Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007) (standard for willfulness). To the contrary, the evidence in the record reflects that Equifax maintains detailed procedures designed to assure maximum possible accuracy of the information it reports, [Doc. 18-2 at ¶¶ 10-18], that Equifax maintains detailed policies and procedures designed to assure that it conducts reasonable reinvestigations of information disputed by consumers as inaccurate, [*id.* at ¶¶ 19-32], that Equifax had determined that Chase is a reliable

5

source of information, [*id.* at ¶ 33], and that it dutifully conducted investigations when Ms. Strohmeyer made disputes concerning information reporting on her credit file, [*id.* at ¶¶ 35-66]. These reinvestigations provided the exact verbiage used by Ms. Strohmeyer when making her disputes, and attached or referred to a document provided by Ms. Strohmeyer. [*Id.* at 6-9]. There is simply no evidence of any willful, or even negligent, violation of the FCRA. Ms. Strohmeyer's willfulness claim fails as a matter of law. Accordingly, the Court should grant summary judgment in favor of Equifax on Plaintiff's willfulness claims.

## VII. MS. STROHMEYER'S CLAIMS FOR INJUNCTIVE RELIEF FAILS.

Ms. Strohmeyer does not attempt to argue in her Opposition that her claims for injunctive relief have merit. [Doc. 19 at 9].

## VIII. MS. STROHMEYER'S STATE LAW CLAIMS FAIL BECAUSE THEY ARE PREEMPTED BY THE FCRA.

In her Opposition, Ms. Strohmeyer confuses pendant jurisdiction with preemption. [Doc. 19 at 9-11]. Equifax did not argue that the Court lacks jurisdiction to hear Ms. Strohmeyer's state law claims. [Doc. 18-1]. Rather, Equifax argued that her state law claims are preempted by the FCRA. [*Id.* at 23-24]. Ms. Strohmeyer offers no argument concerning preemption. Accordingly, Equifax's Motion concerning her state law claims should be granted.

## CONCLUSION

For the reasons set forth above, Equifax's Motion should be granted.

Respectfully submitted this 8th day of May, 2019.

EQUIFAX INFORMATION SERVICES LLC

*/s/ Brian L. Yoakum*
Brian L. Yoakum          #24811
Evans & Petree, PC
1715 Aaron Brenner Drive
Suite 800
Memphis, TN 38120
901-525-6781
Fax: 901-297-4208
Email: byoakum@evanspetree.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 8th day of May, 2019. served a true and correct copy of the foregoing via U.S. Mail and email to the following counsel of record:

Kamala Shardul Strohmeyer
3539 Bryan Road
Kodak, TN 37764
Email: preservationstation@yahoo.com
***Pro Se Plaintiff***

By: */s/Brian L. Yoakum*
    Brian L. Yoakum